# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

| | |
|---|---|
| NATIVE ECOSYSTEMS COUNCIL, ALLIANCE FOR THE WILD ROCKIES,<br><br>        Plaintiffs,<br><br>v.<br><br>LEANNE MARTEN, et al.,<br><br>        Defendants. | CV 13-64-M-BMM<br><br>**ORDER on Motion for Injunction Pending Appeal** |

## Factual and Procedural Background

Plaintiffs Native Ecosystems Council and Alliance for the Wild Rockies ("NEC") brought this case in 2013 to challenge The Lonesome Wood II project. (Doc. 1, 3.) This United States Forest Service ("USFS") project consists of logging and fuel clearing work near West Yellowstone, Montana. *Id.* Plaintiffs have challenged the actions of USFS, the Fish and Wildlife Service, and administrators from these agencies (together hereinafter referred to as "USFS"), due to their alleged failure to comply with the Endangered Species Act ("ESA"), and other grounds that are irrelevant to this motion, in hopes of stopping the project. *Id.*

The Court granted an injunction to NEC in December of 2014, on the basis that USFS improperly had failed to conduct site-specific biological opinions for

1

Grizzly Bears and Canada Lynx under the ESA. (Doc. 70 at 11-13.) The Court required USFS to conduct these analyses and make a new decision on the project before it would entertain a motion to dissolve the injunction. *Id.* at 12, 13, 26. USFS filed a Motion to Dissolve the Injunction after completing site-specific biological opinions for the Grizzly Bear and Canada Lynx. (Doc. 91.) The Court denied this motion on the basis that USFS had not analyzed all logging-related activities that would affect the Grizzly Bear, and that the Fish and Wildlife Service ("FWS") had not considered whether previous logging projects in the Forest were consistent with the Lynx Amendment. (Doc. 97 at 2-4.)

USFS then prepared a second set of site-specific biological opinions for the Grizzly Bear and Canada Lynx in accordance with the Court's Order. (Doc. 104 at 2-3.) USFS again filed a Motion to Dissolve the Injunction. (Doc. 103.) NEC opposed the motion on the grounds that USFS had failed to meet the best available science mandate with respect to the Canada Lynx by not accounting for new species data. (Doc. 108 at 14.) The allegedly new data consisted of the Kosterman Thesis. *Id.* at 9-10.

The Court rejected NEC's argument and granted the Second Motion to Dissolve the Injunction. (Doc. 118.) The Court reasoned that the agencies' scientific expertise enjoyed deference and that the agencies adequately had analyzed the Kosterman thesis and chosen to find it inapplicable to the project. *Id.*

at 3-5. NEC appealed the Court's Order Dissolving the Injunction to the Ninth Circuit. (Doc. 119.) NEC has now filed a Motion for Injunction Pending Appeal with this Court. (Doc. 121.)

## Standard

The parties agree that the governing standard for issuing an injunction pending appeal mirrors the standard for issuing a preliminary injunction. Doc. 122 at 8-9; Doc. 123 at 17-18. A plaintiff must show that they possess a likelihood of success on the merits, will suffer irreparable harm should the Court deny the injunction, that an injunction would be in the public interest, and that the balance of equities tips in their favor. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

## Analysis

NEC argues that it possesses a likelihood of success on the merits on the grounds that USFS failed to use the best available science in analyzing effects on the Canada Lynx under the ESA. (Doc. 122 at 27.) NEC specifically argues that USFS failed to apply the best available science in conducting programmatic ESA consultation on the Northern Rockies Lynx Management Direction ("Lynx Amendment"). *Id.* USFS tiered to this analysis when conducting site-specific consultation on the Project. (Doc. 123 at 13.) NEC specifically argues that USFS failed to apply the best available science when it exempted projects in the Wildland

Urban Interface ("WUI"), from the requirements of the Lynx Amendment. (Doc. 122 at 27.) The Project lies within the WUI and does not comply with certain standards that would apply to projects located in non-WUI areas, as set forth in the Lynx Amendment. *Id.* at 24-25.

NEC contends that the Project will eliminate almost 500 acres of old growth forest. *Id.* at 25. NEC further claims that the best available science advises that Lynx Analysis Units should contain 50% mature forest. *Id.* at 26, citing Doc. 108-1 at iii (Kosterman Thesis). NEC asserts that the implementation of the Project would reduce the Lynx Analysis Unit for which it is a part from 41 percent mature forest to 38 percent mature forest. (Doc. 122 at 27.) NEC reasons that this downgrade does not represent the best available science, as represented by the Kosterman Thesis. *Id.*

NEC's argument strikes the Court as largely the same argument that it rejected in the Order granting USFS's Second Motion to Dissolve the Injunction. The Court emphasized in that Order that USFS deserved deference for its decision to discredit, and find largely inapplicable, the Kosterman Thesis. (Doc. 118 at 3-5.) NEC repeats the same arguments regarding the Kosterman Thesis in this motion. The Court again concludes that USFS met the best available science in its rejection of the Kosterman Thesis as it applies to the Lynx Amendment and to the Project. NEC fails to satisfy, therefore, the factor of likelihood of success on the merits.

4

The Court need not address the other four factors of the preliminary injunction analysis in light of its finding on the likelihood of success on the merits. *Garcia v. Google*, 786 F.3d 733, 740 (9th Cir. 2015) ("when a plaintiff has failed to show the likelihood of success on the merits, we need not consider the remaining three *Winter* elements.") (internal quotations omitted).

Accordingly, **IT IS ORDERED**:

NEC's Motion for Injunction Pending Appeal (Doc. 121), is DENIED.

DATED this 6th day of June, 2017.

Brian Morris
United States District Court Judge